IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09cr74

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARK THOMAS DELMONTE. | ) | |

**THIS MATTER** is before the Court on the issue of restitution, which was deferred at the time of sentencing pursuant to 18 U.S.C. §3663A, and is also before the Court on the Defendant's *pro se* motion contained in his restitution filing [Doc. 25 at 6].

At sentencing the Court received the evidence set forth in the Presentence Investigation Report concerning the issue of restitution, but based upon the arguments of the Defendant the Court left the determination of restitution open. The Court allowed the Defendant fifteen (15) days to make any additional filings challenging the restitution evidence, and then allowed the Government an additional fifteen (15) days thereafter to respond to the Defendant's filing. Both the Defendant and the

Government have complied and filed documents in accord with this schedule. [Doc. 25, 30]. The Defendant has made his filing *pro se*, indicating that his counsel has declined to make any such filing because he determined that additional arguments challenging the loss amounts would be frivolous. [Doc. 25 at 1]. Defendant also asks therein that "the Court hold the establishment of a restitution amount be held [sic] or extended until the Court can supply [Defendant] with attorneys can be appointed [sic] to [his] case to handle [his] appeal as well as [his] establishment of [his] arguments against the NFS & D.A.'s valuation of the items lost and items that may be still in the car that need to be returned." [Id. at 8]. Section 3663A, however, only allows for holding open the issue of restitution for ninety days. The sentencing in this matter was scheduled and was conducted during the September 20 sentencing term. As such, the Court must, in its discretion, decline to allow any further extensions because time does not allow for it.

The Court notes that no further evidence has been presented by either party since the sentencing hearing regarding the issues underlying restitution. The Court has reviewed the Presentence Investigation Report (PSR) and notes that the Probation Officer has presented a detailed analysis of the losses suffered by the Defendant's victims. [Doc. 20 at 6].

2

The Defendant has mentioned three particular issues regarding restitution, all relating to victim J. Bennett. First, Defendant argued that he did not take any firearm from the Bennett vehicle as stated in Paragraph 5 of the PSR. The restitution amount as set forth in the PSR, however, does not include any amount for the firearm. Victim Bennett asserted that he had lost $1000 in cash and the firearm. The Probation Officer, however, showed the Court that the restitution amount that should be awarded to J. Bennett should be only the $1000 because $350 (presumably the value of the firearm) is shown as having been the "value of recovered property." [Doc. 20 at 6]. This reflects that the firearm was recovered from the Defendant and returned to Bennett. As such, Defendant objects to that which is not present in the PSR.

Second, Defendant argues that there is no evidence to support the award of the $1000 to Bennett. The PSR reflects that Bennett asserted that there were ten $100 bills in the vehicle when the Defendant broke into it. No explanation is made as to why Bennett had left $1000 in cash in the vehicle when it was left unattended. The Court finds that the evidence presented regarding this $1000 is not sufficiently credible to find by the greater weight of the evidence that such sum of currency was actually taken from the Bennett vehicle. For that reason that $1000 will not be

3

included in the restitution award.

Third, there is a discrepancy between the amount to be awarded for the damage to the Bennett vehicle as a result of the Defendant having broken the window. Paragraph 6 of the PSR states that the amount of loss was $236, while the table provided by the Probation Officer in Paragraph 15 state that the amount is $266. Since there is no explanation for this difference, the Court must find by the greater weight of the evidence that the lower amount is the one to be awarded.

None of the other findings in the PSR as to restitution have been challenged in any respect. Therefore, the Court will find by the greater weight of the evidence that the table found at Paragraph 15 of the PSR states the correct amounts of the losses of the victims which should be allowed as restitution, with the exception of the items identified above.

**IT IS THEREFORE ORDERED** that the Defendant's pro se motion for an extension of time for submitting additional evidence regarding restitution as set out in the Defendant's filing [Doc. 25 at 6] is **DENIED**;

**IT IS FURTHER ORDERED** that the restitution awarded in this matter shall be in accord with the table provided by the Probation Officer in Paragraph 15 of the Presentence Investigation Report [Doc. 20 at 6], with the exception that the amount to be awarded to Penn National shall be

$236.00 and no amount shall be awarded to victim J. Bennett.

**IT IS FURTHER ORDERED** that the Clerk shall prepare an amended Judgment reflecting the full award of restitution in this matter.

Signed: November 9, 2010

Martin Reidinger
United States District Judge